IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**WILLIAM D. HILL,**

    **Plaintiff,**

  v.            CASE NO. 05-3370-SAC

**N.L. CONNER, et al.,**

    **Defendants.**

**O R D E R**

  This matter is before the court on a pro se civil complaint filed by a prisoner incarcerated in the United States Penitentiary in Leavenworth, Kansas. Plaintiff seeks relief pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), for the alleged violation of his constitutional rights.

  Plaintiff states he was unlawfully discharged from his UNICOR work assignment in May 2002, and returned to work pursuant to an agreement that involved his abandonment of his administrative appeal. Following plaintiff's lockdown in May 2003, he was not called back to UNICOR based on his May 2002 history. Plaintiff argues this use of the May 2002 incident and the denial of his UNICOR job assignment violated his constitutional rights and constituted a breach of the 2002 agreement.[1]

---

[1] Plaintiff is advised that the complaint, filed September 15, 2005, appears to be time barred. A two year limitation period applies to actions seeking relief under Bivens. See Wilson v. Garcia, 471 U.S. 261, 266-67 (1985); Baker v. Board of Regents of

The Prison Litigation Reform Act (PLRA), effective April 26, 1996, mandates that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. 1997e(a). *See also*, Booth v. Churner, 531 U.S. 956 (2001)(Section 1997e(a), as amended by PLRA, requires prisoners to exhaust administrative remedies irrespective of the relief sought and offered through administrative channels). The Supreme Court has held that "exhaustion in cases covered by section 1997e(a) is now mandatory." Porter v. Nussle, 534 U.S. 516, 524 (2002); see id. at 532 (holding "that the PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong"). *See also* Booth v. Churner, 532 U.S. 731, 741 n. 6 (2001)("we will not read futility or other exceptions into [PLRA's] statutory exhaustion requirements").

In the present case, plaintiff acknowledges partial exhaustion of an administrative grievance he filed in 2003, including a central office response stating that plaintiff had fifteen days to resubmit his appeal in proper form. Thereafter, plaintiff cites only his responsive letter to the central office,

---

State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993); *and* K.S.A. 60-513(a)(4).

dated May 3, 2004, and argues this and his partial exhaustion from the May 2002 incident should be sufficient. The court does not agree.

Section 1997e(a) requires inmates to exhaust "available" administrative remedies prior to filing an action in federal court, even where the "available" remedies appear futile at providing the kind of remedy sought. Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002). "[T]he substantive meaning of section 1997e(a) is clear: resort to a prison grievance process must precede resort to a court." Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1207 (10th Cir. 2003)(quotation marks and citation omitted). A prisoner bears the burden of sufficiently pleading exhaustion of grievance proceedings, which includes supplying supporting information or documentation on exhaustion of prison grievance proceedings. See id. at 1209-10. "An inmate who begins the grievance process but does not complete it is barred from pursuing a section 1983 claim under [the Act] for failure to exhaust his administrative remedies." Jernigan, 304 F.3d at 1032. Similarly, an inmate who fails to exhaust his administrative remedies by failing to meet the time limit for filing a grievance does not exhaust his administrative remedies by default. Id. at 1033.

Accordingly, the court directs plaintiff to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a). The failure to file a timely response may result in the dismissal of this matter without further prior

notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed without prejudice pursuant to 42 U.S.C. 1997e(a).

**IT IS SO ORDERED.**

DATED:  This 29th day of September 2005 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge